# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:20-CV-00431-RJC-DSC

MICHAEL L. SEALY et al.,

**Plaintiffs,**

v.

U.S. BANK NATIONAL ASSOCIATION et al.,

**Defendants.**

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on Plaintiffs' "Motion to Remand" (document #12) and Defendants' and Foreclosing Defendants' Motions to Dismiss (document # 6 and 9) as well as the parties' briefs and exhibits. (Docs. 10, 13, 14, 15, 16 and 17).

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is ripe for disposition.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Plaintiffs' Motion to Remand be denied, Defendants' Motion to Dismiss be granted, and Foreclosing Defendants' Motion to Dismiss be granted in part and denied in part as discussed below.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On April 22, 2008, Plaintiffs obtained a refinance mortgage loan from Countrywide Bank FSB (Bank of America N.A.'s ("BANA") predecessor by merger) for their residence at 2901 Blythe Road in Waxhaw, North Carolina. At that time, CoreLogic Valuation Solutions Inc. f/k/a

Landsafe Appraisal Services appraised the property at $850,000. Plaintiffs allege that the Union County property tax assessment in 2008 was $423,270.

Plaintiffs defaulted on the loan. On August 22, 2014, foreclosure proceedings were initiated and on May 15, 2015, the Union County Superior Court entered an order of foreclosure.

On July 2, 2020, Plaintiffs commenced this action in Union County Superior Court. Plaintiffs allege that BANA, Countrywide Bank, and Corelogic (collectively "Defendants") violated the civil Racketeer Influenced and Corrupt Organizations Act ("RICO") by inflating the appraisal of the property. Plaintiffs further assert claims against U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust, Rushmore Loan Management Services, and Fay Servicing LLC (collectively "Foreclosing Defendants") for violations of civil RICO, violations of the Real Estate Settlement Procedures Act ("RESPA"), and wrongful foreclosure.

On August 5, 2020, Defendants, joined by Foreclosing Defendants Rushmore and Fay Servicing, removed this action from state court based upon federal question jurisdiction. On August 27, 2020, Defendants and Foreclosing Defendants filed Motions to Dismiss for Failure to State a Claim under Rule 12(b)(6). On September 4, 2020, Plaintiffs filed a Motion to Remand.

## II. DISCUSSION

### A. Plaintiffs' Motion to Remand

Subject matter jurisdiction is a threshold issue for the Court. When any removed case lacks a proper basis for subject matter jurisdiction, it must be remanded. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998); Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999); Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). The requirements are so absolute that "[n]o party need assert [a lack of subject matter jurisdiction]. No party can waive the defect, or consent to jurisdiction. No court can ignore the defect; rather a court, noticing the defect,

must raise the matter on its own." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 389 (1998) (internal citations omitted). See also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1945 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt") (citing Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); United States v. Cotton, 535 U.S. 625, 630 (2002) ); Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982).

The party asserting federal jurisdiction has the burden of proving that subject matter jurisdiction exists. See, e.g., Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999); Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991); Norfolk Southern Ry. Co. v. Energy Dev. Corp., 312 F. Supp. 2d 833, 835 (S.D.W. Va. 2004). Any doubts about removal must be resolved in favor of remand. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) ("Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction. If federal jurisdiction is doubtful, a remand is necessary") (citations omitted); Griffin v. Holmes, 843 F. Supp. 81, 84 (E.D.N.C. 1993); Storr Office Supply v. Radar Business Systems, 832 F. Supp. 154, 156 (E.D.N.C. 1993).

A defendant may remove a case if the federal district court has original jurisdiction. 28 U.S.C. § 1441; Dixon v. Coburg Dairy, 369 F.3d 811, 816 (4th Cir. 2004). 28 U.S.C. § 1331 provides that district courts have subject matter jurisdiction over every civil action that "arises under the Constitution, laws, or treaties of the United States." "Congress has given the lower federal courts jurisdiction to hear only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Battle v. Seibels Bruce Ins. Co., 288 F.3d 596, 606-07 (4th Cir. 2002) (internal citations omitted).

28 U.S.C. § 1367(a) provides that "... in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." Claims are "part of the same case or controversy" if they "derive from a common nucleus of operative fact ... [and] are such that ... [they] would ordinarily be expected to ... [be tried] in one judicial proceeding." United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966). Accord Rosmer v. Pfizer Inc., 263 F.3d 110, 116 (4th Cir. 2001); Neal v. Flav-O-Rich, Inc., 71 Fair Emp. Prac. Cas. 1816, 1818 (M.D.N.C. 1996) (in determining whether to exercise supplemental jurisdiction, a district court should consider "[Section] 1367's goal of promoting judicial economy, convenience, and fairness to litigants by joining all claims arising out of a common nucleus of operative fact").

Plaintiffs have alleged claims arising under two federal statutes. In Plaintiffs' motion to remand, they assert that state and federal courts have concurrent jurisdiction over civil RICO and RESPA claims (citing Tafflin v. Levitt, 493 U.S. 455, 110 (1992)) and the court has discretion to decline to exercise federal jurisdiction. Plaintiffs cannot simply rely upon concurrent jurisdiction in support of their Motion to Remand. They must show an absence of any basis for subject matter jurisdiction once the case has been removed to this court. See New Beckley Mining Corp. v. International Union, 946 F.2d 1072, 1074 (4th Cir. 1991) (reversing the district court's grant of remand in a RICO case and holding that, "[w]hile concurrent subject matter jurisdiction renders the source of law factor less important, it does not mandate that the district court surrender jurisdiction."). For those and the other reasons set forth in Defendants' and Foreclosing Defendants' "Response …" (documents #15 and 17), the undersigned respectfully recommends that Plaintiffs' Motion to Remand be denied.

## B. Defendants' and Foreclosing Defendants' Motions to Dismiss for Failure to State a Claim

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Sons of Confederate Veterans v. City of Lexington, 722 F.3d 224, 228 (4th Cir. 2013) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Indeed, where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed." Neitzke v. Williams, 490 U.S. at 328; see also Stratton v. Mecklenburg Cnty. Dept. of Soc. Servs., 521 Fed. Appx. 278, 293 (4th Cir. 2013)). The court must not "accept as true a legal conclusion couched as a factual allegation." Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 198 (4th Cir. 2014).

i. **Defendants' Motion to Dismiss**

   a. **RICO**

To state a RICO claim under 18 U.S.C. § 1962(c), a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Sedima v. Imrex Co., 473 U.S. 479, 496 (1985). A "pattern of racketeering activity" is defined as at least two acts of racketeering, typically referred to as predicate acts. See 18 U.S.C. § 1961(5). To plead a conspiracy violation under § 1962(d), a plaintiff must allege that "each defendant agreed that another co-conspirator

would commit two or more acts of racketeering." Walters v. McMahen, 795 F. Supp. 2d 350, 355 (D. Md. 2011), aff'd in relevant part, 684 F.3d 435 (4th Cir. 2012). Where a RICO claim is based upon predicate acts of wire fraud, the claimant "must plead [the] circumstances of the fraudulent acts that form the alleged pattern of racketeering activity with sufficient specificity pursuant to Fed. R. Civ. P. 9(b)." CS Tech., Inc. v. Horizon River Techs., LLC, No. 318CV00273RJCDSC, 2020 WL 881266, at *3 (W.D.N.C. Feb. 21, 2020) (citing Williams v. Equity Holding Corp., 245 F.R.D. 240, 243 (E.D. Va. 2007)). "[A]bsent some factual enhancement, allegations such as 'defendants agreed, cooperated and conspired with one another to commit the fraudulent transfers,' or that [the defendants] 'joined in a scheme such that they also acquired and maintained an interest in the enterprise through a pattern of racketeering activity,' are insufficient to satisfy Twombly, not to mention Rule 9(b)'s particularity requirement." TM, LLC v. Anderson, No. 2:11-cv-71-FL, 2012 WL 4483180 (E.D.N.C. Sept. 27, 2012) (internal citations omitted).

Defendants and Foreclosing Defendants contend that Plaintiffs have failed to establish the elements of a RICO claim, "as they fail to demonstrate any fraud, the existence of an enterprise, any racketeering activity much less a pattern, or that they were damaged as a result of any purported fraud" committed by Defendants. Doc. 14 at p. 7. Plaintiffs fail to show the existence of an enterprise separate and apart from BANA's lending activities or CoreLogic's appraisal. Given that only one appraisal is at issue, Plaintiffs fail to show that Defendants committed more than one predicate act necessary to establish a pattern of racketeering activity. Plaintiffs allege that Defendants "engaged in a pattern of fraudulent conduct constituting racketeering activity . . . which was completed using interstate mail and wire services in the United States," but fail to include any allegations to show that such fraud occurred. See generally Compl., ¶¶ 115-117. Where as here, a RICO claimant alleges predicate acts of mail or wire fraud, those predicate acts must be pled with

particularity. Adolphe v. Option One Mortg. Corp, No. 3:11-cv-418-RJC, 2012 U.S. Dist. LEXIS 165689, **15-17 (W.D.N.C. Nov. 20, 2012). "[T]he 'circumstances' required to be pled with particularity . . . are 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999) (internal citations omitted).

Plaintiffs fail to establish all elements of a RICO claim and fail to allege the fraudulent acts that form an alleged pattern of racketeering activity with sufficient specificity pursuant to Fed. R. Civ. P. 9(b). Accordingly, the undersigned respectfully recommends that Defendants' Motion to Dismiss be granted.

### ii. Foreclosing Defendants' Motion to Dismiss

#### a. RICO

Foreclosing Defendants also contend that Plaintiffs have failed to properly allege the elements of a RICO claim. Here, Plaintiffs have failed to allege that Foreclosing Defendants committed any predicate crime, let alone the specific elements of that crime. Plaintiffs fail to plead "at least two predicate acts of racketeering that form a 'pattern of racketeering'" as to the Foreclosing Defendants. See Synergy Fin. v. Zarrow, 329 F. Supp. 2d 701, 712 (W.D.N.C. 2004). Accordingly, the undersigned respectfully recommends that Foreclosing Defendants' Motion to Dismiss Plaintiffs' RICO claim be granted.

#### b. RESPA

Under the Loss Mitigation Procedures rule of RESPA, "[i]f a borrower's complete loss mitigation application is denied for any trial or permanent loan modification option available to

the borrower . . . a servicer shall state in the notice sent to the borrower . . . the specific reason or reasons for the servicer's determination for each such trial or permanent loan modification option and, if applicable, that the borrower was not evaluated on other criteria." 12 C.F.R. § 1024.41(d). Plaintiffs allege that Foreclosing Defendants violated RESPA by not properly considering their loan modification applications and not stating the specific reason or reasons for denial of the applications. Compl. at ¶¶ 136-143.

Foreclosing Defendants "acknowledge that Fay Servicing, LLC advised [Plaintiffs] that they had made too many requests for a loan modification after being delinquent for nearly a decade" and allege that the wording of the letter "complies with RESPA." Doc. 10 at p. 14. This raises a factual issue that is not appropriate to resolve at the 12(b)(6) stage. Accordingly, the undersigned respectfully recommends that Foreclosing Defendants' Motion to Dismiss Plaintiffs' RESPA claim be denied.

### c. Wrongful Foreclosure

Plaintiffs allege that the foreclosure was based upon a fraudulently issued loan and that Foreclosing Defendants do not have the legal right to foreclose. Foreclosing Defendants contend that Plaintiffs fail to state a claim for wrongful foreclosure because they are collaterally attacking a state court judgment.

The undersigned agrees with Foreclosing Defendants. Plaintiffs' Wrongful Foreclosure claim is barred by the Rooker-Feldman doctrine which prohibits actions attacking state court judgments in federal court. This doctrine provides that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based upon losing party's claim that the state judgment itself violates the losers ... rights." Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994); see also District of Columbia Court

of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Company, 263 U.S. 413, 416 (1923). Plaintiffs' attempt to attack the Union County foreclosure judgment is barred by the Rooker-Feldman doctrine.

For those reasons and the other reasons stated in Foreclosing Defendants' briefs, the undersigned respectfully recommends that its Motion to Dismiss Plaintiffs' wrongful foreclosure claim be granted.

District Courts have denied motions to amend complaints where an amendment would be futile. U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008). "If an amendment would fail to withstand a motion to dismiss, it is futile." Woods v. Boeing Co., 841 F.Supp.2d 925, 930 (D.S.C. 2012) (citation omitted). Plaintiffs' request for leave to amend the Complaint would be futile. The Motion is denied.

## III. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Plaintiffs' Motion to Remand (document #12) be denied, Defendants' Motion to Dismiss (document #6) be granted, and Foreclosing Defendants' Motion to Dismiss (document #9) be granted in part and denied in part.

## IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th

Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED**.

Signed: October 26, 2020

_____

David S. Cayer
United States Magistrate Judge