UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-431-RJC-DSC

| | |
|---|---|
| MICHAEL L. SEALY et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| U.S. BANK NATIONAL ASSOCIATION et ) al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court Defendants' Motion to Dismiss, (Doc. No. 6), Foreclosing Defendants' Motion to Dismiss, (Doc. No. 9); Plaintiffs' Motion to Remand, (Doc. No. 12); the parties' briefs and exhibits related to these motions, (Docs. Nos. 10, 13, 14, 15, 16, and 17); the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 18), recommending that this Court deny Plaintiffs' Motion to Remand, grant Defendants' Motion to Dismiss, and grant in part and deny in part Foreclosing Defendants' Motion to Dismiss; Foreclosing Defendants' Objection to the M&R, (Doc. No. 19); Plaintiffs' Objection to the M&R, (Doc. No. 20); Defendants' Reply to Plaintiffs' Objection, (Doc. No. 21); and Foreclosing Defendants' Reply to Plaintiffs' Objection, (Doc. No. 22).

I.  BACKGROUND

Although two parties have filed objections to the recommendations of the M&R, and Plaintiffs have noted their disagreement with "the Magistrate's interpretation of the facts contained in the Complaint," (Doc. No. 20 at 1), no party

1

has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

## II. STANDARD OF REVIEW

The district court has authority to assign non-dispositive pretrial matters pending before the Court to a magistrate judge to "hear and determine." 28 U.S.C. § 636(b)(1)(A). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). De novo review is not required by the statute when an objecting party makes only general or conclusory objections that do not direct a court to a specific error in the recommendations. Orpiano v. Johnson, 687 F.2d 44 (4th Cir. 1982). Further, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 178 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly, this Court has conducted a review of the Magistrate Judge's M&R.

## III. DISCUSSION

The Magistrate Judge recommended that this Court deny Plaintiffs' Motion to remand, grant Defendants' Motion to Dismiss, and grant in part and deny in part Foreclosing Defendants' Motion to Dismiss. (Doc. No. 18 at 1.) Two sets of parties filed objections.

Foreclosing Defendants objected only to the Magistrate Judge's recommended denial of the Motion to Dismiss Plaintiffs' claims arising under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. ("RESPA"). (Doc. No. 19 at 2.) Foreclosing Defendants primarily argue that Plaintiff's RESPA claim is foreclosed by collateral estoppel. (Id.) Defendants seek to have this claim dismissed with prejudice. (Doc. No. 19 at 4.)

Plaintiffs object to a number of recommendations in the M&R. First, Plaintiffs object to the Magistrate Judge's recommendation that the Court grant the Defendants' Motion to Dismiss the Plaintiffs' RICO claim. (Doc. No. 20 at 1–7.) Second, Plaintiffs object to the Magistrate Judge's recommendation that the Court dismiss Plaintiffs' request to amend the Complaint. (Doc. No. 20 at 7–8.) Third and finally, Plaintiffs object to the Magistrate Judge's recommendation that Plaintiffs' Wrongful Foreclosure claim is precluded by the Rooker-Feldman doctrine. (Doc. NO. 20 at 8–9.) The Court will address each of these objections in turn.

1. **Plaintiffs' Motion to Remand**

A party's failure to make a timely objection is accepted as an agreement with the conclusions of the Magistrate Judge. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985). While Plaintiffs ultimately request that their case be remanded to state court if this Court dismisses the wrongful foreclosure claim and if this Court does not exercise supplemental jurisdiction, Plaintiffs do not object to the Magistrate Judge's analysis with regard to their Motion to Remand, and provide no arguments in opposition to the Magistrate Judge's reasoning with regard to the motion. (Doc.

No. 20.) Not having filed an objection to this portion of the M&R, and the time for doing so having passed, the Plaintiff has waived its right to *de novo* review of the issue. The Court has reviewed the record and filings and, finding no error, will adopt as its own opinion the portions of the M&R related to Plaintiff's motion. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note). Therefore this Court will deny Plaintiff's Motion to Remand. (Doc. No. 12.)

2. **Defendants' and Foreclosing Defendants' Motions to Dismiss**

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the complaint. Fannie Mae v. Quicksilver LLC, 155 F. Supp. 3d 535, 542 (M.D.N.C. 2015). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Facial plausibility means allegations that allow the court to draw the reasonable inference that defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678.

At the same time, specific facts are not necessary—the complaint need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555. Additionally, when ruling on a motion to dismiss, a court must accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 93–94 (2007). Nonetheless, a court is not bound to

4

accept as true legal conclusions couched as factual allegations. Papasan v. Allain, 478 U.S. 265, 286 (1986). "Courts cannot weigh the facts or assess the evidence at this stage, but a complaint entirely devoid of any facts supporting a given claim cannot proceed." Potomac Conference Corp. of Seventh-Day Adventists v. Takoma Acad. Alumni Ass'n, Inc., 2 F. Supp. 3d 758, 767–68 (D. Md. 2014). Furthermore, the court "should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

### a. Defendants' and Foreclosing Defendants' Motions to Dismiss – RICO

RICO "does not cover all instances of wrongdoing. Rather, it is a unique cause of action that is concerned with eradicating organized, long-term, habitual criminal activity." US Airline Pilots Ass'n v. AWAPPA, LLC, 615 F.3d 312, 317 (4th Cir. 2010). Consistent with this goal, RICO provides "drastic" penalties, including treble damages and attorney's fees, that "are primarily designed to provide society with a powerful response to the dangers of organized crime." Id. To state a RICO claim under 18 U.S.C. § 1962(c), a claimant must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Sedima v. Imrex Co., 473 U.S. 479, 496 (1985). Racketeering activity includes acts of wire fraud. 18 U.S.C. § 1961(1). Where, as here, a RICO claim is based on predicate acts of wire fraud, the claimant "must plead [the] circumstances of the fraudulent acts that form the alleged pattern of racketeering activity with sufficient specificity pursuant to Fed. R. Civ. P. 9(b)." Williams v. Equity Holding Corp., 245 F.R.D. 240, 243 (E.D. Va. 2007) (alteration in original). The circumstances that must be alleged with

5

particularity are "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999).

In a RICO case, a pattern requires at least two acts of racketeering activity, but two acts alone do not necessarily establish a pattern. GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 549 (4th Cir. 2001). "To demonstrate a pattern of such activity, the [claimant] must show continuity plus relationship, i.e., that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity." US Airline Pilots Ass'n, 615 F.3d at 318 (quotation marks omitted). "Predicate acts are related if they have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." Menasco, Inc. v. Wasserman, 886 F.2d 681, 683 (4th Cir. 1989) (quotation marks omitted). The continuity requirement of the pattern element "demonstrates Congress's desire to limit RICO's application to ongoing unlawful activities whose scope and persistence pose a special threat to social well-being." US Airline Pilots Ass'n, 615 F.3d at 318 (quotation marks omitted). The pattern requirement "thus acts to ensure that RICO's extraordinary remedy does not threaten the ordinary run of commercial transactions; that treble damage suits are not brought against isolated offenders for their harassment and settlement value; and that the multiple state and federal laws bearing on transactions such as this one are not eclipsed or

6

preempted." Menasco, 886 F.2d at 683. Along these same lines, the Fourth Circuit has also stated that it is "cautious about basing a RICO claim on predicate acts of mail and wire fraud because it will be the unusual fraud that does not enlist the mails and wires in its service at least twice." GE Inv., 247 F.3d at 549.

Plaintiffs' Complaint presents numerous legal arguments regarding Defendants' alleged racketeering. However, these pleadings contain primarily legal conclusions rather than the specific facts required to survive a motion to dismiss at this stage, and fail to allege with sufficient specificity the wrongdoing or fraud that occurred in this case. (See Doc. No. 1-1 at 43–46.) Regarding wire fraud, Plaintiffs do not plead specifically the "time, place, and contents of the false representations," nor do they plead the specific "identity of the person making the misrepresentation and what he obtained thereby." Westinghouse Savannah River Co., 176 F.3d at 784. Plaintiffs fail sufficiently to allege a pattern as required in RICO cases, stating in conclusory terms that Defendants engaged in a pattern of such behavior but failing to allege additional specific instances of such behavior beyond the single instance of alleged appraisal inflation at issue in this case. (See, e.g., Doc. No. 1-1 at 5–7, 43–46; see also Doc. No. 20 at 3–4.) Plaintiffs argue that such a pattern is sufficiently alleged, because a "logical inference" from the pleadings "is that there were multiple counts of wire fraud conducted in furtherance of the fraudulent transaction" in addition to presumably more such counts in connection with other nameless victims. (Doc. No. 20 at 4.) Yet this argument does not save the RICO claim, which fails to directly allege these multiple counts of wire fraud, and which would not properly allege a

7

RICO claim even if directly pleaded, as these particular wire fraud counts would collectively constitute one interaction with the Plaintiffs rather than specifically alleging a larger pattern.

Plaintiffs' conclusory and unspecified statements in the Complaint fail to establish the necessary elements of a RICO claim, and fail to allege a pattern of racketeering activity with the required specificity. Equity Holding Corp., 245 F.R.D. at 243; Westinghouse Savannah River Co., 176 F.3d at 784 (4th Cir. 1999). Therefore the Defendants' and Foreclosing Defendants' Motions to Dismiss will be granted as to the RICO claims.

### 3. Foreclosing Defendants' Motion to Dismiss – RESPA

The Plaintiffs' second claim against Foreclosing Defendants is for violation of RESPA, based upon an allegation that Foreclosing Defendants violated the Loss Mitigation Procedures rule by not specifying the reasons for denying Plaintiffs' complete loss mitigation application. See 12 C.F.R. § 1024.41(d). The Foreclosing Defendants object to the Magistrate Judge's M&R on the grounds that, in recommending against dismissal of the RESPA claim, the Magistrate Judge did not take into account Foreclosing Defendants' argument that Plaintiffs had already rejected a prior loan modification offer that led to the first lawsuit between these parties. (Doc. No. 19 at 2.) Foreclosing Defendants argue that Plaintiffs were therefore collaterally estopped from relitigating this issue based on a prior lawsuit. (Id.) Specifically, Foreclosing Defendants note that in a prior lawsuit between Plaintiffs and Foreclosing Defendant Fay Servicing LLC ("Fay"), Plaintiffs

contended that Defendant Fay failed to make the loan modification permanent and attempted to void the loan, and were liable as a result. (Doc. No. 19-1 at 1–2.) In that case Defendants had offered evidence that Plaintiffs had failed to agree to the permanent loan modification offer after Defendants sent the proper paperwork; when Plaintiffs offered nothing to contradict such evidence, that Court found that the final loan modification agreement was not binding and dismissed Plaintiffs' breach of contract claim upon summary judgment. (Id. at 3–4.)

Under the doctrine of collateral estoppel, "a final judgment on the merits prevents relitigation of issues actually litigated and necessary to the outcome of the prior action in a later suit involving a different cause of action between the parties or their privies." State ex rel. Tucker v. Frinzi, 344 N.C. 411, 414, 474 S.E.2d 127, 128 (1996). The party asserting collateral estoppel must show that "the earlier suit resulted in a final judgment on the merits, that the issue in question was identical to an issue actually litigated and necessary to the judgment, and that both the party asserting collateral estoppel and the party against whom collateral estoppel is asserted were either parties to the earlier suit or were in privity with parties." Id. at 414, 474 S.E.2d at 128–29. However, for these purposes, "the prior judgment serves as a bar only as to issues actually litigated and determined in the original action." City of Asheville v. State, 192 N.C.App. 1, 17, 665 S.E.2d 103, 117 (2008), appeal dismissed, disc. review denied, 363 N.C. 123, 672 S.E.2d 685 (2009) (quotation omitted) (emphasis in original). "[A]n issue is actually litigated, for purposes of collateral estoppel or issue preclusion, if it is properly raised in the

9

pleadings or otherwise submitted for determination and [is] in fact determined." Id. "In general, a cause of action determined by an order for summary judgment is a final judgment on the merits." Green v. Dixon, 137 N.C.App. 305, 310, 528 S.E.2d 51, 55, aff'd per curiam, 352 N.C. 666, 535 S.E.2d 356 (2000).

Here, in the prior lawsuit between Plaintiffs and Defendant Fay, Judge Cogburn (W.D.N.C.) found as follows:

> [D]efendants have offered evidence that plaintiffs failed to agree to the permanent loan modification offer after defendants sent the proper paperwork. Specifically, the record contains multiple phone calls where plaintiffs stated they received the final paperwork but had not yet accepted it...Then, in one phone call, plaintiff Michael Sealy appeared to refuse the offered final modification agreement, saying that plaintiffs would be "unable to start the payments at the timeline that they set" and that "I can't afford the mod for another 60 days." Essentially, plaintiffs received a final offer from defendants but refused it, failing to return the agreement and failing to make payments in accordance with the agreement. Plaintiffs have offered nothing that contradicts this persuasive evidence, and the court must find that the final loan modification agreement was not binding between the plaintiffs and any defendant. Plaintiffs' breach of contract claim thus fails.

(Doc. No. 19-1 at 4.) The question is whether this ruling precludes Plaintiffs' RESPA claim.

The prior ruling does not preclude Plaintiffs' RESPA claim. By stating that "plaintiffs had received a final offer from defendants but refused it," Judge Cogburn was not making a finding of fact – which would be impermissible at the summary judgment stage[1] – but rather was summarizing Defendants' evidence and argument

---

[1] See, e.g., Winston v. Livingstone Coll., Inc., 210 N.C. App. 486, 487, 707 S.E.2d 768, 769 (2011).

in the case. Plaintiffs had not presented evidence to dispute Defendants' claim, and Judge Cogburn therefore found that there was not a triable dispute of fact, granting summary judgment on the breach of contract claim. (Doc. No. 19-1 at 4.) Such a ruling can only result in issue preclusion if the previously-disputed and adjudicated issue is identical to an issue raised here. Youse v. Duke Energy Corp., 171 N.C. App. 187, 193, 614 S.E.2d 396, 401 (2005).

The issue that Plaintiffs raise under their RESPA claim is whether Defendants failed to specify the reasons for denying Plaintiffs' complete loss mitigation application. (Doc. No. 1-1 at 49–51.) Foreclosing Defendants, meanwhile, raise as an issue whether Foreclosing Defendants had previously complied with 12 C.F.R. § 1024.41 and whether Plaintiffs had been delinquent at all times since submitting the prior complete application, as required for 12 C.F.R. § 1024.41(i) to apply. (Doc. No. 19 at 2.) Yet the issue settled in the prior federal case was whether Defendants had failed to honor the terms of a purported permanent loan agreement, which despite being similar to the issue Foreclosing Defendants raise and despite involving overlapping facts, is not identical to the issues before this Court under the RESPA claim. (Doc. No. 19-1 at 3.) Because the prior federal Court was prevented from determining facts at the summary judgment stage, and because the issue raised in that case was not identical to those posed here, Plaintiff's RESPA claim is not precluded by collateral estoppel.

Foreclosing Defendants did not otherwise object to the Magistrate Judge's analysis that Plaintiffs' RESPA claim is fact intensive, and other than

11

Case 3:20-cv-00431-DSC   Document 23   Filed 03/29/21   Page 11 of 15

objecting on the grounds of collateral estoppel, Foreclosing Defendants agreed that the claim would not be "ripe for disposition absent development beyond the pleading stage." (Doc. No. 19 at 2.) The Court has reviewed the record and filings and, after a *de novo* review on the issue of collateral estoppel, has determined that collateral estoppel does not apply while finding no errors in the remainder of the RESPA claim analysis. Therefore this Court will deny Foreclosing Defendants' Motion to Dismiss the RESPA claim, without prejudice.

### 4. Foreclosing Defendants' Motion to Dismiss – Wrongful Foreclosure

Plaintiffs allege that the Foreclosing Defendants did not have the legal right to foreclose, while Foreclosing Defendants seek to dismiss this claim because Plaintiffs are collaterally attacking a state court judgment on this issue. The Magistrate Judge recommended granting the motion to dismiss the Wrongful Foreclosure claim on the grounds that the Rooker-Feldman doctrine prohibits actions attacking state court judgments in federal courts. (Doc. No. 18 at 9–10.) Plaintiffs have objected to this recommendation, arguing that the Rooker-Feldman doctrine is a narrowly tailored doctrine, and that Plaintiffs did not "repair to federal court" because the case was removed to federal court by Defendants instead. (Doc. No. 20 at 8–9, citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). Furthermore, Plaintiffs argue that this Court has supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1367(a), regardless of whether the Rooker-Feldman doctrine applies.

The Rooker–Feldman doctrine generally prohibits lower federal courts from

reviewing state court decisions. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The purpose of the doctrine is to prevent the exercise of appellate jurisdiction of lower federal courts over state-court judgments. Verizon Md. Inc. v, Public Serv. Comm'n of Md., 535 U.S. 635, 644 n. 3 (2002). "[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in the United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005–06 (1994). This prohibition extends not only to issues decided by a state court but also to those issues "inextricably intertwined with questions encompassed by such rulings." Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997). A federal claim is inextricably intertwined with a state court where, "in order to grant the federal plaintiff the relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual." Jordahl v. Democratic Party of Va., 122 F.3d 192, 202 (4th Cir.1997) (internal quotation marks omitted).

Plaintiffs' primary argument – that the Rooker-Feldman doctrine does not apply when the Defendant has removed the case to federal court – is unavailing, as the doctrine is a jurisdictional one that applies even in cases of removal. See, e.g., Palotai v. Univ. of Maryland at Coll. Park, 38 F. App'x 946, 954 (4th Cir. 2002) (affirming application of the Rooker-Feldman doctrine after Defendant removed the case to federal court). Plaintiffs' opposition notwithstanding, the Wrongful Foreclosure claim ultimately collaterally attacks the Union County superior court's

13

order allowing the foreclosure sale. (Doc. No. 10-3). "In the context of a state court foreclosure proceeding, Rooker–Feldman prohibits claims brought in federal court that may 'succeed only to the extent that the state court wrongly decided the foreclosure action.'" Poindexter v. Wells Fargo Bank, N.A., No. 3:10CV257-RJC-DLH, 2010 WL 3023895, at *2 (W.D.N.C. July 29, 2010) (quoting Postma v. First Federal Sav. & Loan of Sioux City, 74 F.3d 160, 162 (8th Cir. 1996)). Nor would Plaintiffs' suggestion that the Court exercise supplemental jurisdiction cure the problem, as the Rooker-Feldman is not superseded by supplemental jurisdiction. Wilson v. SunTrust Bank, No. 1:11CV390, 2013 WL 2285231 at *5 (M.D.N.C. May 23, 2013), report and recommendation adopted, No. 1:11-CV-390, 2013 WL 3367256 (M.D.N.C. July 5, 2013) ("Even if the Court exercised supplemental jurisdiction over Plaintiff's state law claims, Plaintiff's third, fourth, and seventh causes of action seek de facto appellate review of a state court judgment, which the Rooker–Feldman doctrine bars.").

This Court lacks subject matter jurisdiction to adjudicate the Wrongful Foreclosure claim pursuant to the Rooker-Feldman doctrine. Furthermore, to the extent that Plaintiffs seek to amend their Wrongful Foreclosure claim, any such amendment would necessarily run into the same jurisdictional barrier and would be futile. Alden v. Jones, No. 519CV00115KDBDCK, 2020 WL 912783, at *6 (W.D.N.C. Feb. 25, 2020). Therefore, this Court will grant the Motion to Dismiss as to the Wrongful Foreclosure claim and deny Plaintiffs' request to amend the Complaint as to the same claim.

## IV. CONCLUSION

Regarding the aspects of the M&R to which no party objected, the Court has conducted an independent review of the M&R and record and concludes that those findings and conclusions of the M&R are correct and in accordance with law. Regarding the portion of the M&R to which the parties filed objections, following an independent review of the M&R, Defendant's Objection thereto, and a *de novo* review of the record, the Court concludes that the M&R's recommendations are correct and in accordance with law. Accordingly, the findings and conclusions of the Magistrate Judge are accepted.

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 18), is **ADOPTED**;
2. Plaintiffs' Motion to Remand, (Doc. No. 12), is **DENIED**;
3. Defendants' Motion to Dismiss, (Doc. No. 6), is **GRANTED**; and
4. Foreclosing Defendant's Motion to Dismiss, (Doc. No. 9), is **GRANTED IN PART and DENIED IN PART**.
    a. The motion is **GRANTED** as to the RICO claim;
    b. The motion is **DENIED** as to the RESPA claim; and
    c. The motion is **GRANTED** as to the Wrongful Foreclosure claim.

**SO ORDERED**.

Signed: March 29, 2021

Robert J. Conrad, Jr.
United States District Judge